UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MARIA GUTIERREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:19-cv-2858 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Maria Gutierrez ("Plaintiff"), by and through her attorney L. Paul LeRoux II, alleges and avers the following as her Complaint:

**Certificate of Review Under §13-20-602, C.R.S.**

The undersigned attorney has consulted with a person who has expertise in the area of the alleged negligent conduct. The professional who was consulted has reviewed the known facts, including such records, documents, and other materials that the professional found to be relevant to the allegations of negligent conduct and, based upon the review of such facts, has concluded that the filing of the claim does not lack substantial justification within the meaning of §13-17-102(4), C.R.S. The person consulted meets the requirements of §13-64-401, C.R.S.

1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671 *et seq*. This court is vested with jurisdiction pursuant to 28 U.S.C. §1346(b).

2. Plaintiff is a citizen and resident of Oklahoma; 114 North 5th Street, city of Blackwell, County of Kay. The cause of action on which this Complaint is based arose in Fort Lupton, Colorado. Thus, venue is properly laid in this Court pursuant to 28 U.S.C. §1402(b).

3. Plaintiff had an IUD placed between 2004-2005. The IUD was a 5-year device.

4. In or about June 2009, the Plaintiff went to Salud Family Health Centers in Fort Lupton, Colorado ("Salud") and saw a physician assistant there named Sonia Pankonin for removal. Salud is a Health Center Program grantee under 42 U.S.C. §254b and a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n). Ms. Pankonin, and all other agents, employees, or representatives of Salud who provided treatment and care to the Plaintiff, were employees of the United States at that time and, in conjunction with the facts alleged herein, were acting within the course and scope of her employment.

5. Removal of the IUD was difficult and another provider was called to assist with the procedure.

6. Following the procedure, the Plaintiff was advised that the IUD had been removed. The clinical note reflects the chief complaint was "IUD Removal" and otherwise there is nothing else documented that Plaintiff has received.

7. In October 2017, the Plaintiff went to an urgent care facility complaining of pain in her lower right quadrant. The Plaintiff had irregular and heavy bleeding during this time as well. During her evaluation, an ultrasound was suspicious for a retained IUD and recommended follow up with a gynecologist.

8. The Plaintiff then saw a gynecologist, Dr. Paul Plowman. Dr. Plowman performed a hysteroscopic evaluation of the Plaintiff's uterus to look for an remove the foreign body. The Plaintiff underwent this procedure on December 14, 2017. The IUD was not seen.

9. Dr. Plowman ordered further imaging via a CT scan. Dr. Plowman reviewed the imaging with the radiologist which revealed that a portion of the IUD remained embedded in the uterine muscle.

10. It is the standard of care when removing an IUD to inspect the device upon removal to ensure that the entire IUD was taken out.

11. Keeping an IUD in the body can lead to inflammatory changes that can cause chronic pain and/or abnormal bleeding. The Plaintiff suffered both.

12. Plaintiff presented a claim to the United States Department of Health & Human Services on or about August 15, 2018. The presentation of Plaintiff's claim at this time was within two years after the claim accrued and was discovered in or about December 2017. The Plaintiff did not discover, nor could she reasonably have discovered the existence of her claims, damages, or the negligence set forth herein until December 2017. Plaintiff presented to the United States Department of Health & Human Services a letter from a licensed physician, along with documentary evidence concerning the damages she incurred. The United States Department of Health & Human Services failed to accept, settle, or reject the claim. More than six months has elapsed since the Plaintiff presented her claim and no decision has been rendered. Plaintiff has exhausted her administrative remedies and is entitled to proceed through a lawsuit at this time under the Federal Tort Claims Act. *See* 28 U.S.C. §2401(b).

## FIRST CAUSE OF ACTION
(Medical Malpractice/Professional Negligence)

13. Plaintiff incorporates herein by reference all prior paragraphs of this Complaint.

14. Beginning in or about June 2009, Plaintiff received medical care and/or treatment and diagnoses by Defendant, or agents, employees, and representatives of the Defendant. Such agents, employees, and representatives held themselves out to be licensed members of the medical profession or medical institutions and/or physician assistants. In the performance of such medical care, treatment, and diagnoses, such agents, employees, and/or representatives, failed to conform to the standards of care required of them in rendering professional services to Plaintiff.

15. In or about June 2009, and for some time before that date, such agents, employees, and representatives, and each of them, undertook such employment and agreed to diagnose Plaintiff's condition and care for and treat such condition and perform what was necessary and proper in connection with such care and treatment. All individuals at Salud who provided medical care and treatment to the Plaintiff were acting within the course and scope of their employment with Salud and/or the United States.

16. Plaintiff had no medical education, training, experience, knowledge, or the like, and at all times mentioned in this Complaint, Plaintiff relied on the agents, employees, and representatives of Salud, and each of them, and/or their expertise, as physicians, nurses, surgeons, physician assistants, and the like.

17. In or about June 2009, the agents, employees and representatives of Salud and/or the United States, negligently, carelessly, and recklessly diagnosed, examined, cared for, and treated Plaintiff.

18. The negligence of the agents, employees, and representatives of Salud and/or the Untied States was the cause in fact and proximate cause of damages to the Plaintiff. At all times, the negligence was hidden or concealed from the Plaintiff such that her true condition was not known or discovered, and could not reasonably have been discovered, by the Plaintiff until December 2017. Specifically, the agents, employees and representatives of Salud and/or the United States concealed from Plaintiff that they had improperly treated her and that they had failed to completely remove her IUD causing her injury and damages.

19. As a result of the negligent, careless, and/or reckless diagnoses, examination, care, and treatment rendered to Plaintiff, the Plaintiff suffered severe personal injuries.

20.     As a direct and proximate result of the above-described conduct, Plaintiff has suffered severe emotional distress and suffering, all to her general damage in a sum within the jurisdiction of this court according to proof at the trial of this action.

SECOND CAUSE OF ACTION
(Negligence/*Res Ipsa Loquitur*)

21.     Plaintiff incorporates herein by reference all prior paragraphs of this Complaint.

22.     The failure to completely remove Plaintiff's IUD, and/or to leave portions of the IUD within the Plaintiff, does not ordinarily occur in the absence of negligence and in fact would not have occurred but for the negligence of the health-care providers, namely, the agents, employees, and representatives of Salud and/or the United States. Plaintiff alleges that the failure to detect that the IUD remained within the Plaintiff was exclusively caused by the agents, employees, and representatives of Salud and/or the United States.

23.     The failure to diagnose that the entire IUD had not been removed was not due to any voluntary action or contribution on the part of the Plaintiff.

24.     As a result of the facts and circumstances set forth above, there should be a presumption that the agents, employees, and representatives of Salud and/or the United States, and each of them, were negligent, and that such negligence was the cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff requests judgment against the Defendant as follows:

1.   Damages in the amount of $500,000 for Plaintiff, for past and future medical expenses, lost wages, loss of future wages, emotional damages, and pain and suffering;

2.   Post-judgment interest;

3.   Plaintiff's costs in this action, including expert witness fees; and

4.   Such other relief as the court may deem just and proper.

DATED: October 7, 2019.

/s/
L. Paul LeRoux II, #35987